# Exhibit B

Morgan & Morgan P.A.
P.O. Box: 530244
Atlanta, GA30353-0244



234481
1 of 6

 HCL America Solutions, Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833



Certified#:    DFID23452185    Matter-19117979

# MORGAN & MORGAN

234481
2 of 6

February 13, 2026

## VIA CERTIFIED AND REGULAR U.S. MAIL

*19117979*

*19117979*

HCL America Solutions, Inc.
2600 Great America Way, Suite 401
Santa Clara, CA 95054

HCL America Solutions, Inc.
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**RE:    RAMON OROZCO, JR. – Overtime And Unpaid Wage Claims**

Dear Sir/Madam:

This firm represents Ramon Orozco, Jr. ("Mr. Orozco") with respect to his employment with HCL America Solutions, Inc. (the "Company"), and allegations of unpaid wages. At the outset, please note that Mr. Orozco remains a current employee. The laws implicated by his claims contain strict anti-retaliation provisions, which prohibit an employer from taking any adverse action against an employee for raising concerns regarding unpaid wages. To the extent Mr. Orozco is retaliated against based on the allegations in this letter, this would be grounds for additional claims. We trust, armed with this information, you will honor Mr. Orozco's rights under the law.

As you know Mr. Orozco has worked for the Company since August 2019. I am writing because it appears that the Company has failed to pay proper regular and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. §207 ("FLSA") during 2024 and 2025. It also appears the Company has breached its contract with Mr. Orozco by failing to pay him a promised raise since February 2024. To the extent the regular wages owed were not paid in weeks in which overtime was worked, this practice not only breaches the Company's contract with Mr. Orozco, but also violates the FLSA, as all regular wages must be paid in addition to overtime wages in overtime weeks, in order to ensure that overtime is received 'free and clear.'

While we are aware that the Company paid Mr. Orozco a 'project allowance' ostensibly to make up for its failure to pay him a raise, the problem with this is manifold. First, it did not actually compensate Mr. Orozco for all hours at the agreed rate. Second, it did nothing to ameliorate the overtime deficiency at issue. Third, it actually increased the regular rate at which overtime was due, without compensating him for same. Fourth the 'project allowance' ended in June 2025, which means that the Company did not even make an effort to pay Mr. Orozco at his correct regular rate since that date. While we are aware that the Company has recently agreed to make a back payment to October 2025, it is not clear that this amount has or will make up for the unpaid

---

8151 Peters Road, Suite 4000, Plantation, FL 33324   |   (954) 318-0268   |   ForThePeople.com



Certified#:    DFID23452185    Matter-19117979

overtime premiums owed, and, regardless, it does not cover the entirety of the time period at issue. As Mr. Orozco has tried to resolve this issue with the Company for *years*, to no avail, and to the point where even the HR professional involved claims to be 'the only one' taking the matter seriously and trying to take action to correct the issue, he had no choice but to seek counsel to recover the monies owed to him.

As you may be aware, the FLSA provides that any lawsuit filed against the Company can also be filed against any individual(s) exercising sufficient control over the company's business. The FLSA also provides for liquidated damages, which would **double** the amount of damages that our client is owed for the FLSA violations at issue. Furthermore, the FLSA provides that if a lawsuit is filed against the Company and an individual(s) and is meritorious, both the Company and the individual(s) would be liable for any overtime compensation owed to our client, liquidated damages, **and** our client's attorneys' fees and costs.  There is no corporate protection, and any personal assets of the individual(s) may therefore be seized if our client prevails.

**Notwithstanding the seriousness of these allegations, Mr. Orozco has instructed us to try to resolve this matter in an effort to avoid litigation, and the attendant incurrence of additional legal fees and costs.** As stated, Mr. Orozco's damages are significant. In an effort to reach a resolution, please consider this correspondence as our client's written offer to resolve his claims for a total of ▮▮▮▮▮▮▮ representing a resolution of Mr. Orozco's claims for unpaid overtime, unpaid wages, and liquidated damages, as well as accrued and anticipated attorneys' fees/costs through finalization of a settlement in this matter. Please advise no later than **February 28, 2026**, if you accept this resolution. If we do not hear from you, we plan to proceed immediately with litigation in this matter, as we must in order to protect Mr. Orozco's statute of limitations, as further discussed with respect to the request for tolling below. If you accept this resolution, in exchange, Mr. Orozco will provide a release of the claims raised in this letter.

If you dispute the claims above, this letter serves as a demand upon you to provide documentation showing the following:

(1) all of Mr. Orozco's payroll information, including paycheck stubs; and

(2) All documents and emails related to Mr. Orozco's raise, complaints regarding non-payment, the temporary project allowance, and decisions to issue retro-pay.

Any such documents or information should be provided by **February 28, 2026**. All documents may be emailed to me at amurthy@forthepeople.com, or mailed to me at 8151 Peters Road, Ste. 4000, Florida 33324.  If you send documents by email, kindly copy my paralegals, Michelle Bassett, at mbassett@forthepeople.com and Yariz Parrales, at yparrales@forthepeople.com.  If we do not hear from you by **February 28, 2026**, at least to discuss the request, we will assume that the Company is not interested in a pre-litigation resolution and will govern ourselves accordingly, as we must in order to protect Mr. Orozco's statute of limitations, as further discussed with respect to the request for tolling below.

23448 1 3 of 6





234481(
4 of 6

**If you maintain that these claims are governed by an arbitration agreement or other alternative dispute resolution procedure that precludes the filing of same in court, please provide a copy of same for our immediate review.**

**As mentioned above, because the statute of limitations in this matter is running, we ordinarily would need to file the case in court immediately if the matter is not resolved. However, such time constraints can be alleviated with a tolling agreement, which preserves the limitations period so that the parties can take additional time to try to resolve the matter short of litigation. As such, if the Company needs additional time to gather the requested information, but still wishes to avoid litigation, please sign and return the attached agreement to toll the statute of limitations on Mr. Orozco's claims. If by February 28, 2026, we have not received the signed Tolling Agreement, we will need to file Mr. Orozco's complaint in Court, as soon as practicable after February 28, 2026, in order to protect further erosion of his claim due to the statute of limitations.**

On a related note, we respectfully request that you do not contact or attempt to contact Mr. Orozco directly regarding this matter. To that end, please direct any and all communication or payments regarding this matter directly to the undersigned As stated above, but bears repeating, the law prohibits anyone from discriminating or retaliating against a current or former employee for pursuing their right to unpaid overtime wages. Therefore, to the extent any attempt is made to penalize, discipline, punish, threaten, intimidate, or otherwise discriminate against Mr. Orozco based on the claims herein, we will pursue a claim for retaliation pursuant to 29 U.S.C. §215(a)(3).

Thank you for your immediate attention to this very important matter. Please contact me directly with any questions, at 954-327-5369 or by email at amurthy@forthepeople.com.

Sincerely,

Angeli Murthy, Esquire
Paul Botros, Esquire

***PLEASE NOTE:*** *This letter is sent in anticipation of litigation, so you are now under a duty to preserve any relevant documents and electronically stored information which relates to my client's claim for wages owed and unlawful termination. This includes any electronically stored information related to job duties, time clocks, time sheets, timecards, schedules, e-mails, communications regarding overtime, raises, project allowance or backpay, or any other relevant physically or electronically stored information. If you fail to preserve this information, you can be subject to sanctions under federal law.*



Certified#:    DFID23452185    Matter-19117979

## TOLLING AGREEMENT

2344810
5 of 6

THIS TOLLING AGREEMENT ("Agreement") is made and entered into effect the 28th day of February 2026, by and between Ramon Orozco, Jr. ("Claimant") and HCL America Solutions, Inc. ("Respondent"), and is as follows:

## RECITALS

**WHEREAS**, Claimant contends that he has certain possible causes of action against Respondent, including under the Fair Labor Standards Act ("FLSA") based upon his work for Respondent;

**WHEREAS**, the FLSA has a prescribed statute of limitations;

**WHEREAS**, the parties desire to explore possible resolution of these matters prior to Claimant filing a lawsuit or other action; and

**WHEREAS**, the parties are willing to enter into this Agreement to toll all applicable statutes of limitations for any claims that Claimant could have asserted under the FLSA against Respondent, by February 28, 2026, upon the terms and conditions set forth below.

**NOW, THEREFORE**, in consideration of Claimant forbearing from filing a lawsuit or other action against Respondent or any of their affiliates, parents, subsidiaries or their employees, agents, officers, directors or owners within the tolling period, the Parties agree as follows:

## TERMS AND CONDITIONS

1.      All the foregoing Recitals are true and correct and are incorporated as part of the Terms and Conditions of this Agreement.

2.      With respect to any and all claims arising under the FLSA that Claimant could have asserted against Respondent by February 28, 2026 (collectively, the "Tolled Claims"), Claimant and Respondent hereby stipulate that the statute of limitations applicable to such Tolled Claims shall be deemed tolled from February 28, 2026, through the date five days after any party gives notice of cancellation of the Agreement (the "Tolling Period"). The parties further agree that Respondent shall not interpose in any lawsuit or other action between the parties, including any appeal: (a) any defense that the statute of limitations applicable to the Tolled Claims shall have expired during the Tolling Period; and/or (b) any defense to the Tolled Claims of laches, estoppel, or waiver based upon or incorporating time elapsed during the Tolling Period. The parties understand and agree that this Agreement and the provisions set forth in this Agreement shall not limit and shall not be construed as limiting Respondent from asserting against Claimant any other defense that it otherwise could have asserted to the Tolled Claims based on conduct, events, and matters that occurred prior to February 28, 2026. The parties also understand and agree that this Agreement is not intended to extend any statute of limitation or allow Claimant to bring any claim that already expired prior to February 28, 2026, and neither party is waiving any defense based on any such expiration. The parties also agree that this Agreement is not intended to shorten any statute of limitation for any claim that would not expire as of February 28, 2026.



Certified#:    DFID23452185    Matter-19117979



234481
6 of 6

3.      This Agreement shall constitute the entire agreement of the parties regarding its subject matter and shall supersede all prior agreements and undertakings of the parties (whether oral or written) addressing that subject matter.

4.      The rights and obligations of the parties created by this Agreement shall be governed by the law of the State of Florida, without regard to conflicts of law.

5.      All rights and obligations under this Agreement shall inure to the benefit of, and be binding upon, the parties' respective predecessors and successors in interest, parent and subsidiary entities, and assigns.

6.      This Agreement shall not be deemed an admission of any kind by any party.

7.      This Agreement is in furtherance of compromise discussions and is not admissible in any proceeding except for the limited purpose of proving the existence of the Agreement and the rights and obligations specified hereunder.

8.      This Agreement may not be amended, modified, or supplemented, except in a writing duly executed and delivered by all parties to this Agreement.

9.      The Tolling Period shall continue in effect until five days following the date that either party gives written notice through its respective counsel, of cancellation of the Agreement.

10.     This Agreement may be signed by fax or email signature and may be signed in counterparts, all such counterparts constituting one Agreement, regardless of whether each party hereto is a signatory to the same counterpart.

**IN WITNESS WHEREOF**, the parties, intending to be legally bound, have caused this Agreement to be executed as of the day and year indicated above.

CLAIMANT                                                        HCL AMERICA SOLUTIONS, INC.


_____                     _____
Angeli Murthy, Esquire                                   HCL AMERICA SOLUTIONS, INC.
Paul Botros, Esquire
Counsel for Claimant, Ramon Orozco, Jr.

                                                                         By: _____

2/13/2026                                                      _____
Date                                                               Date



Certified#:    DFID23452185    Matter-19117979



quadient

FIRST-CLASS MAIL
IMI

$001.03º

02/13/2026 ZIP 89120
043M32208072

US POSTAGE